**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEFFREY ALAN CARTER | ) | Case No. 11-13475 ABC |
| CAROLYN BICHARD CARTER, | ) | Chapter 7 |
| Debtors. | ) | |

## ORDER DENYING MOTION TO DISALLOW CLAIM NUMBER 13

THIS MATTER is before the Court on the Motion to Disallow Claim Number 13 ("Motion") filed by Lynn Martinez, Chapter 7 Trustee ("Trustee"). Trustee asserts that Claim Number 13, filed by SREI WPS LLC ("Creditor") should be disallowed pursuant to 11 U.S.C. § 502(d) because Creditor has not responded to the Trustee's written demand for repayment of a voluntary pre-petition settlement payment made to Creditor by the Debtors. Trustee contends that the settlement payment was a preference under 11 U.S.C. § 547(b), but there has been no judicial determination of the avoidability of the transfer or of Creditor's liability to the estate.

Section 502(d) provides, in pertinent part, that

> the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 547 . . . of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section . . . 550 . . . of this title.

According to this straightforward language, the proof of claim of a preference recipient may be disallowed unless it pays the estate the amount for which it is liable under section 550. *Petitioning Creditors of Melon Produce, Inc. v. Braunstein*, 112 F.3d 1232, 1237 (1997). The critical language of section 502(e) is "the amount for which such entity or transferee is liable." *Id.* There is no liability under section 550 unless the preference "is avoided."[1] In *Campbell v. United States (In re Davis),* 889 F.2d 658, 661 (5th Cir. 1989), the court noted that the intent of section 502(d) is "to have the coercive effect of insuring compliance with judicial orders," and that the section is "designed to be triggered after a creditor has been afforded reasonable time in which to turn over amounts adjudicated to belong to the bankruptcy estate." *Id.* at 662 Accordingly, a trustee wishing to avail herself of the benefits of section 502(d) must first obtain a judicial determination on a preference complaint. *In re Lids Corp.* 260 B.R. 680, 684 (Bankr. D. Del. 2001).

---

[1] Section 550(a) provides that

> [T]o the extent that a transfer *is avoided* under section . . . 547 . . . the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from . . . the . . . transferee.

(Emphasis added).

In her Motion, the Trustee states only that she requested the Creditor to repay an alleged preference. She has not filed a complaint to avoid the alleged preferential transfer, and there has been no adjudication that the transfer is avoidable or that Creditor is liable to the estate under section 550. The Motion is thus premature and fails to state sufficient grounds for disallowance of Creditor's claim. Accordingly, it is

ORDERED that the Motion is denied, without prejudice.

DATED: April 26, 2013                                         BY THE COURT:

_____
A. Bruce Campbell,
United States Bankruptcy Judge