**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable A. Bruce Campbell**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-13475 ABC |
| JEFFREY ALAN CARTER ) | Chapter 7 |
| CAROLYN BICHARD CARTER, ) | |
| Debtors. ) | |
| _____ ) | |

### ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on the Chapter 7 Trustee's Motion for Reconsideration ("Motion") of the Court's Order Denying Motion to Disallow Claim No. 13. The Court having reviewed the Motion and being advised in the premises, finds as follows.

A motion to reconsider, made pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59(e), is proper only when the court has "made a mistake not of reasoning but of apprehension. . .[or] if there has been a significant change or development in the law or facts since submission." *In re Zamora*, 251 B.R. 591, 595 (D. Colo. 2000)(citing *Federal Deposit Ins. Corp. v. Hildebrandi*, 892 F.Supp. 1317, 1319-20 (D. Colo.1995)). The Trustee points to no such change in the law or facts.

Trustee disagrees with the Court's conclusion that there must be an adjudication that a creditor has received a voidable transfer as a precondition to disallowance of the creditor's claim under 11 U.S.C. § 502(d), but has cited no authority or argument sufficient to cause the Court to reconsider the rationale of its April 26, 2013 Order Denying Motion to Disallow Claim No. 13 ("Order"). The primary case relied upon by the Trustee in her Motion, *In re Metiom, Inc*., 301 B.R. 634 (Bankr. S.D.N.Y. 2003), does not support her argument. Though it found that the trustee's failure to bring an adversary proceeding was not fatal to the trustee's claim objection under 11 U.S.C. § 502(d), the court in *Metiom* ruled that it would have to adjudicate, in the context of the claims objection, whether the creditor had received a voidable preference prior to sustaining the trustee's objection under 11 U.S.C. § 502(d). *Metiom* was decided under a version of Fed. R. Bankr. P. 3007 that provided that "if an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001 [which requires avoidance of preferential transfers to be litigated as adversary proceedings], it becomes an adversary proceeding." Rule 3007 has since been amended to provide that "a party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." Fed. R. Bank. P. 3007(b)  Under the current version of Rule 3007, a Trustee seeking disallowance of a claim under § 502(d), and who does not already have a judicial determination of the creditor's liability under §§ 547 and 550, must assert her claim objection in an adversary proceeding to avoid the preference.

Even if the Court were to disregard the plain language of Rules 3007(b) and 7001, and were to allow adjudication of preferences to occur within § 502(d) claims objections, the Trustee did not allege in her claims objection the elements necessary to establish the avoidability of a preferential transfer under 11 U.S.C. § 547(b). Thus, despite the creditor's failure to respond to the objection,

Trustee was not entitled to relief as a result of this default.  A defendant's default in itself does not warrant the court in entering a default judgment.  It remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action because a party in default does not admit mere conclusions of law.  There must be sufficient basis in the pleadings for the judgment entered. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010)(citations omitted).

In addition, Trustee's Motion was filed more than 14 days after the entry of the Order and is not timely under Fed. R. Bankr. P. 9023.  Accordingly, for the reasons stated herein and in the Order, it is

ORDERED that the Trustee's Motion is denied.

DATED: June 25, 2013                         BY THE COURT:

_____
A. Bruce Campbell,
United States Bankruptcy Judge